IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL LOUISE ROUGHFACE and TIMOTHY ROBERT PRIMEAUX,<br><br>Plaintiffs,<br><br>v.<br><br>MEREL DOUGLAS RATCLIFF and TYSON FOODS, INC.,<br><br>Defendants. | Case No. 5:25-cv-00937-R |

## DEFENDANTS' ANSWER

The Defendants, Merel Douglas Ratcliff and Tyson Foods, Inc., by counsel, pursuant to the Federal Pleading Code, for their Answer to the Plaintiffs' state-court Petition filed on July 16, 2025 [Doc. 1-1], hereby deny every allegation contained therein unless specifically admitted in this Answer, and for further response, state as follows:

1. The Defendants admit the allegations contained in Paragraph I.

2. In response to the allegations in Paragraph II, the Defendants admit only that an accident occurred on July 17, 2023, involving a vehicle being operated by Plaintiff, Cheryl Louise Roughface, in which Plaintiff Timothy Robert Primeaux was a passenger, and a semi-tractor trailer operated by Defendant Merel Douglas Ratcliff, and owned/operated by Defendant Tyson Foods, Inc. The Defendants deny the remaining allegations in Paragraph II at this time.

3. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph III.

4. In response to the allegations in Paragraph IV, the Defendants admit only that at the time of the subject accident, Defendant Merel Douglas Ratcliff was operating the semi-tractor trailer within the course and scope of his employment with Defendant Tyson Foods, Inc. The Defendants deny the remaining allegations in Paragraph IV at this time.

5. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph V.

6. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph VI.

7. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph VII.

8. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph VIII, and deny Plaintiffs' subsequent Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

The Defendants assert the following potentially applicable affirmative defenses, subject to their right to amend this Answer to assert additional affirmative defenses identified during discovery and/or to withdraw asserted affirmative defenses determined to be inapplicable through discovery, to-wit:

1. Plaintiffs' Petition may have failed to state a claim upon which relief can be granted against these Defendants, in whole or in part, including but not limited to any claim seeking attorney's fees and punitive damages.

2. The negligence of one or both of the Plaintiffs may have been the sole and only cause of the subject incident and Plaintiffs' damages.

3. One or both of the Plaintiffs may have been comparatively negligent in sufficient percentage to reduce or completely bar any recovery.

4. The acts or omissions of others over whom these Defendants had no control may have been the direct cause, or caused or contributed to, the subject incident and Plaintiffs' damages.

5. Plaintiffs' damages, if any, may have been caused by an intervening or supervening cause.

6. The subject accident may have been the result of an unavoidable accident.

7. Plaintiffs may have had pre-existing medical conditions.

8. Plaintiffs' medical treatment, in whole or in part, may have been unreasonable and/or medically unnecessary.

9. Plaintiffs' medical expenses may be unreasonable in amount and/or not causally related to the subject accident.

10. The admissibility of Plaintiffs' medical bills is strictly limited by the application of 12 O.S. Section 3009.1.

11. Defendants' liability, if any, is several only.

12. Plaintiffs may have failed to mitigate their alleged injuries and/or damages.

13. Oklahoma's punitive damage statute is constitutionally infirm under state and federal constitutions.

14. No actions taken by these Defendants with respect to Plaintiffs were unlawful, reckless, willful, malicious, wanton, fraudulent or outrageous as a matter of law, and, therefore, Plaintiff is not entitled to recover punitive or exemplary damages from these Defendants.

15. These Defendants demand a jury trial for all issues that are not resolved by summary proceedings.

16. Discovery has not yet begun. Therefore, these Defendants reserve the right to amend this Answer to assert additional affirmative defenses to which they are entitled and/or to withdraw asserted affirmative defenses determined to be inapplicable through the close of discovery.

WHEREFORE, premises considered, the Defendants, Merel Douglas Ratcliff and Tyson Foods, Inc., by counsel, hereby pray for judgment in their favor and against the Plaintiffs, together with their costs, and all other and further relief that the Court determines to be proper under the circumstances.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

s/ Peter L. Wheeler
Peter L. Wheeler
Oklahoma Bar No. 12929
Jason E. Marshall
Oklahoma Bar No. 30156
Mackenzie M. Betchan
Oklahoma Bar No. 34882
*Attorneys for Defendants*

PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, LLP
P.O. Box 26350
Oklahoma City, OK  73126
(405) 235-1611     Telephone
(405) 235-2904     Facsimile
pwheeler@piercecouch.com
jmarshall@piercecouch.com
mbetchan@piercecouch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Jack Shears
SHEARS & SHEARS
1932 Lake Road
Ponca City, OK 74604
shearsandshears@outlook.com
*Attorney for Plaintiffs*

s/ Peter L. Wheeler
Peter L. Wheeler

5